J. S54031/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,     :     IN THE SUPERIOR COURT OF
    :           PENNSYLVANIA
             Appellee     :
    :
         v.     :
    :
RUDIS MOREIRA,     :
    :
             Appellant     :     No. 507 EDA 2015

Appeal from the PCRA Order January 29, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0804142-1992

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED OCTOBER 21, 2015**

Appellant, Rudis Moreira, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, dismissing his Post Conviction Relief Act[1] ("PCRA") petition and all supplemental petitions as untimely. Appellant contends the trial court has jurisdiction to correct an illegal sentence at any time. We affirm.

On January 17, 1994, Appellant was convicted of murder in the third degree, recklessly endangering another person ("REAP"), possessing an instrument of crime, and carrying a firearm on a public street. On June 21, 1995, Appellant was sentenced to an aggregate term of fifteen to thirty

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

years' imprisonment. This Court affirmed his judgment of sentence on September 22, 1997. *Commonwealth v. Moreira*, 704 A.2d 164 (Pa. Super. 1997) (unpublished memorandum). The Supreme Court of Pennsylvania denied Appellant's Petition for Allowance of Appeal on May 28, 1998. *Commonwealth v. Moreira*, 724 A.2d 349 (Pa. 1998).

On May 2, 2005, Appellant filed his first *pro se* PCRA petition. Counsel was appointed and filed an amended PCRA petition. The PCRA court dismissed his amended PCRA petition as untimely on July 13, 2006. This Court affirmed the dismissal. *Commonwealth v. Moreira*, 2012 EDA 2006 (unpublished memorandum) (Pa. Super. Oct. 16, 2007). The Supreme Court denied allocatur on May 14, 2008. *Commonwealth v. Moreira*, 952 A.2d 676 (Pa. 2008).

On January 22, 2009, Appellant filed a second *pro se* PCRA petition.[2] On February 16, 2011, he filed a PCRA petition.[3] On June 20, 2014,

---

[2] We note that Appellant does not address the claim raised in the second *pro se* PCRA petition, *viz.*, that the petition was timely based upon the after-discovered evidence exception to the time limitation for the filing of a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1)(ii). As a threshold matter, we consider the claim because it implicates the jurisdiction of this Court. *See Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014). This claim was raised by Appellant in his first PCRA petition. The PCRA court dismissed the petition as untimely and this Court affirmed on appeal. *See Moreira*, 2012 EDA 2006 at *6-7 (holding that claims that two witnesses, Robert Harris and Nelson Hernandez, lied at the time of trial would not have changed the outcome of the case). Appellant also does not address the claim raised in his February 16th PCRA petition in which he invoked the after discovered evidence exception. As to this claim, after careful consideration of the record and the decision of the Honorable Jeffrey P. Minehart, we find

no relief is due and adopt the PCRA court's well-reasoned opinion. **See** PCRA Ct. Op., 4/15/15. at 3-4 (unpaginated) (holding two unsigned letters allegedly sent by Mr. John McLaughlin contained broad speculation devoid of any factual basis failed to invoke timeliness exception).

[3] We note that Appellant did not request permission from the PCRA court to amend his second *pro se* PCRA petition. In **Commonwealth v. Roney**, 79 A.3d 595 (Pa. 2013), our Supreme Court addressed the issue of subsequent PCRA filings.

> Pursuant to our Rules of Criminal Procedure, a PCRA petitioner may amend his or her PCRA petition with leave of the court:
>
> **Rule 905. Amendment and Withdrawal of Petition for Post–Conviction Collateral Relief.**
>
> (A) The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice.
>
> Pa.R.Crim.P. 905(A) . . . .

*Id.* at 615. In **Roney**, the PCRA court

> did not grant [the a]ppellant leave to amend his PCRA petition via his February 26, 2009 filing; did not implicitly or explicitly accept the February 26, 2009 filing as an amendment to [a]ppellant's PCRA petition; and accordingly, did not address the claims raised in the February 26, 2009 filing. Therefore, Appellant's claims in this issue have been waived.

*Id.* at 616. In the case at bar, although Appellant did not request leave to amend his PCRA petition, the PCRA court addressed the claims raised in the subsequent filings. The PCRA court referred to the February 16th petition as an amended petition. **See** PCRA Ct. Op. at 3. Thus, we conclude the court implicitly accepted the subsequent filings as amendments to the second *pro se* PCRA petition. **See id.**; **Cf. Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (holding that PCRA court cannot entertain new PCRA petition when prior petition is still under review on appeal).

- 3 -

Appellant filed a "Motion for Modification of Sentence." On August 8, 2014, he filed a "Motion to Vacate Illegal Sentence and to Impose Legal Sentence." On October 6, 2014, Appellant filed a "Motion to Vacate Illegal Sentence and to Impose Legal Sentence." On January 29, 2015, upon consideration of his second *pro se* PCRA petition and all supplemental petitions and motions, the court dismissed the PCRA petition as untimely. This timely appeal followed. Appellant filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the PCRA court filed a responsive opinion.

Appellant raises the following issues for our review:

> A. Does not a trial court retain jurisdiction to correct an illegal sentence at any time?
>
> B. Does not a sentencing court that imposes an illegal sentence that is patently erroneous on its face retain the jurisdiction to vacate that sentence without regard to the thirty-day rule (42 Pa.C.S. § 5505) and without regard to the Post Conviction Relief Act?
>
> Equal protection of the laws requires that the Appellant receive relief pursuant to 42 Pa.C.S.A. § 5505; ***Commonwealth v. Holmes***, 933 A.2d 57 (2007). A court may correct an illegal sentence.

Appellant's Brief at 8.

Appellant argues that the court may correct an obvious and patent error in sentencing at any time. Appellant's Brief at 13. Appellant contends his sentence was illegal because the standard range sentence for third degree murder was 48 to 120 months' imprisonment and the court sentenced him to the maximum of 10 to 20 years' imprisonment. ***Id.*** at 16.

He avers the court incorrectly sentenced him to six to twelve months' imprisonment on the nine counts of REAP, while it stated that it carried a standard sentence of zero to six months in prison. *Id*. at 16-17. He avers the deadly weapons enhancement sentence of twelve to twenty-four months' imprisonment was an obvious and patent mistake. *Id.* at 18.

Before examining the merits of Appellant's claims, we consider whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. On appellate review of a PCRA ruling, "we determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008).

> We . . . turn to the time limits imposed by the PCRA, as they implicate our jurisdiction to address any and all of [an a]ppellant's claims. To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). A petitioner fails to satisfy the 60–day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier.

*Id.* at 719-20 (emphases added) (some citations omitted).

In **Commonwealth v. Jackson**, 30 A.3d 516 (Pa. Super. 2011), this Court considered "[w]hether a PCRA court has jurisdiction to correct allegedly illegal sentencing orders absent statutory jurisdiction under the PCRA." *Id.* at 518. This Court opined:

> [The defendant's] "**motion to correct illegal sentence**" **is a petition for relief under the PCRA**. . . . We have repeatedly held that . . . any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition. **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002). That [the defendant] has attempted to frame his petition as a "motion to correct illegal sentence" does not change the applicability of the PCRA. **See Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa. Super. 2000) (appellant's "motion to correct illegal sentence" must be treated as PCRA petition).
>
> We base this conclusion on the plain language of the PCRA, which states that "[the PCRA] provides for an action by which . . . persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542; **see Commonwealth v. Hockenberry**, [ ] 689 A.2d 283, 288 ([Pa. Super.] 1997) (legality of sentence is cognizable issue under PCRA). Further, the Act provides that "[t]he [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose. . . ." 42 Pa.C.S.A. §

9542; *see Commonwealth v. Ahlborn*, 699 A.2d 718, 721 ([Pa.] 1997) (petition filed under the PCRA cannot be treated as a request for relief under the common law); *Commonwealth v. Peterkin*, [ ] 722 A.2d 638, 640–41 ([Pa.] 1998) (statutory remedy not available where claim is cognizable under PCRA). Therefore, [the defendant's] **"motion to correct illegal sentence" is a PCRA petition and cannot be considered under any other common law remedy.**

**Because [the defendant's] claim is cognizable under the PCRA, [he] must comply with the time requirements of section 9545**. . . .

*Id.* at 521 (emphases added).

Appellant's judgment of sentence became final on August 26, 1998, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Appellant generally had until August 26, 1999, to file his PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1) (providing PCRA petition must be filed within one year of date judgment becomes final). Therefore, because he filed his second PCRA petition on January 22, 2009, and subsequently filed supplemental petitions beyond this date, they are patently untimely.

Appellant's claim that the trial court has jurisdiction to correct his illegal sentence at any time, thus divesting him of the obligation to comply with the timeliness requirements of the PCRA, is meritless. *See Jackson*,

30 A.3d at 521-23.   Thus, the PCRA court did not err in dismissing his PCRA petition, and all supplemental petitions, as untimely.   ***See Marshall***, 947 A.2d at 719-20.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2015

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION-CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA :
:
:
v. :
:
:
:
RUDIS MOREIRA :

FILED

APR 1 5 2015

Criminal Appeals Unit
First Judicial District of PA

CP-51-CR-0804142-1992



CP-51-CR-0804142-1992 Comm. v. Moreira, Rudis
Memorandum Opinion

MEMORANDUM OPINION

MINEHART, J

7282104511

This Court hereby dismisses the instant Post Conviction Relief Act Petition filed on

January 22, 2009 for the reasons set forth below.[1]

## I.      PROCEDURAL HISTORY

On January 17, 1994, a jury presided over by the Honorable John J. Poserina found

Petitioner guilty of First Degree Murder, eight counts of Recklessly Endangering Another

Person, Possessing an Instrument of Crime, and Carrying a Firearm on a Public Street. The

evidence established that on July 19, 1992, while riding in a car with co-defendant, John Walker,

Petitioner fired a gun at two crowds of people and struck and killed one Robert Burns. On June

21, 1995, the trial court imposed an aggregate sentence of 15 to 30 years of imprisonment.

Petitioner filed an appeal, and on September 22, 1997, the Superior Court affirmed the judgment

of sentence. The Pennsylvania Supreme Court denied his allowance of appeal on May 28, 1998.

On May 2, 2005, Petitioner filed his first *pro se* PCRA petition. Counsel was appointed,

and an Amended Petition was filed. After review, on July 13, 2006, the petition was dismissed

---

[1] The Order dismissing the instant petition was issued more than twenty days after Petitioner was served with notice
of the forthcoming dismissal of his Post Conviction Relief Act petition. Pa.R.Crim.P. 907.

as untimely. On October 16, 2007, the Superior Court affirmed the dismissal. On May 14, 2008, our Supreme Court denied *allocatur*.

On January 22, 2009, Petitioner filed the instant *pro se* PCRA petition, his second. After conducting an extensive and exhaustive review of Petitioner's filings, record, and applicable case law, this Court found that Petitioner's petition for post conviction collateral relief was untimely filed. Therefore, this Court did not have jurisdiction to consider Petitioner's PCRA petition.

## II.  DISCUSSION

Petitioner's conviction became final in 1998. After a conviction becomes final, a petitioner has one year to file a post conviction petition. Therefore, Petitioner's January 22, 2009 petition is patently untimely unless it properly invoked one of the exceptions to the one-year limitation. The three exceptions as enumerated in 42 Pa.C.S.A. §9545 (b)(1)(i)-(iii) are:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

Petitioner stated that his claims came under both the "government interference" exception and "after-discovered evidence" exception to the timeliness provision, arguing that the Commonwealth had failed to disclose deals made with two witnesses, Nelson Hernandez and Robert Harris, in exchange for their testimony at trial. Petitioner stated that subsequent investigation revealed that both witnesses had lied about having a record, and after testifying, the Commonwealth showed leniency to both Mr. Hernandez and Mr. Harris regarding their pending

criminal charges. Petitioner argued that this evidence would have changed the outcome of the trial.

Pursuant to *42 Pa.C.S.A. § 9543(a)(3),* to be eligible for post conviction relief, a petitioner must plead and prove an issue has not been previously litigated. An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *42 Pa.C.S.A. § 9544(a)(2).* In the instant case, the alleged after-discovered evidence regarding Nelson Hernandez and Robert Harris was raised in his first PCRA petition. His claims were dismissed, the Superior Court affirmed the dismissal of this claim, and our Supreme Court denied *allocatur.* Therefore, as this issue had been litigated, Petitioner was not eligible for relief on this claim.

In his amended petition filed February 16, 2011, Petitioner yet again attempted to invoke the after-discovered evidence exception in the form of two letters, allegedly sent to him by a Mr. John McLaughlin. The first letter dated January 24, 2011 stated that the DA had threatened and coerced witnesses; it is signed with the initial "R.G." The second letter dated January 27, 2011 also stated that the witnesses had been coerced and there had been prosecutorial conduct. Petitioner claimed this information entitled him to a hearing.

To invoke a timeliness exception, Petitioner bears the burden to plead and prove the exception. To successfully invoke after-discovered evidence exception, the Petitioner must establish that: (1) evidence has been discovered after trial and it could not have been obtained at, or prior to, trial through reasonable diligence; (2) evidence is not cumulative; (3) evidence is not being used solely to impeach credibility; and (4) evidence would likely compel different verdict. *Commonwealth v. Foreman,* 55 A.3d 532 (Pa. Super. 2012).

The instant claim failed to satisfy these elements. Petitioner presented unsigned letters allegedly from Mr. McLaughlin that contained only broad speculation and did not state any facts. The letters stated that the writer still thought Petitioner was the one who committed the crime, and then asserted an opinion on various claims Petitioner could assert to attempt to fight his conviction. These letters do not state the basis of the conclusions drawn, nor does it specify which alleged facts were unknown or why, with due diligence, the underlying facts were unable to be discovered by Petitioner. As to Petitioner's assertion that he is entitled to a hearing, our courts have held that a hearing can be denied if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011 (Pa. Super. 2001). A review of the record found his claims to be meritless, and moreover, Petitioner failed to successfully invoke one of the exceptions to the timeliness provision. Therefore, this Court lacked jurisdiction to review his claim, which includes granting an evidentiary hearing.

On June 20, 2014, Petitioner filed a petition entitled "Motion for the Correction of an Illegal Sentence," claiming that he was subject to an illegal sentence. Specifically, Petitioner argued that Judge Poserina mistakenly increased his sentence for eight counts of REAP from the standard range of 0-6 months to 6-12 months for each count. Petitioner claimed this was a patent and obvious mistake in sentencing and cited to *Commonwealth v. Holmes*, 933 A.2d 57 (2007) for the proposition that a claim of an illegal sentence can be raised at any time, outside the strictures of the PCRA.

Upon careful review, Petitioner's claim was deemed meritless. A review of the record found no mistake in sentencing, much less an obvious one. The judgment of sentence listed his

sentence for REAP as 6-12 months for each of the eight counts, which is well within the statutory range. Therefore, Petitioner's sentence was not illegal on its face.

Petitioner's argument could also be construed as either attacking the discretionary aspects of sentencing or alleging that his sentence exceeded the statutory maximum. However, neither construction warranted relief. A claim challenging the discretionary aspects of sentence is not cognizable under the PCRA. *Commonwealth v. Wrecks*, 934 A.2d 1287 (Pa. Super. 2007). This claim should have been properly raised in a post-trial motion or during direct appeal. Further, although a claim that the imposed sentence exceeds the statutory maximum is eligible for relief under the PCRA pursuant to *42 Pa.C.S.A. § 9543(a)(2)(vii)*, it must still fulfill the time-bar requirements. As Petitioner did not invoke one of the exceptions to the timeliness provision, there is no jurisdiction to address the merits of his claim. *Commonwealth v. Jackson*, 30 A.3d 516 (Pa. Sup. 2011) (holding that the trial court did not have jurisdiction to consider defendant's motion to correct illegal sentence since his petition was in fact an untimely PCRA petition and Petitioner failed to invoke an exception to the timeliness provision).

Upon review, Petitioner failed to demonstrate that government officials obstructed the presentation of his claims; failed to offer after-discovered evidence which was previously unknown to him and could not have been obtained by the exercise of due diligence; and did not allege a violation of a constitutional right recognized after the one-year limitation and held to apply retroactively. Accordingly, Petitioner's petition was properly dismissed as untimely and, respectfully, it is suggested that the ruling be affirmed.

BY THE COURT,

Date:___4/15/15___

JEFFREY P. MINEHART,J.,